UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20098-BLOOM/Elfenbein

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL ANTHONY ABBOTT,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS INDICTMENT

**THIS CAUSE** is before the Court upon Defendant Michael Anthony Abbott's Consolidated Motion to Dismiss ("Motion"), ECF No. [77], filed on May 22, 2025. The Government filed a Response, ECF No. [82], to which Defendant filed a Reply. ECF No. [88]. The Court has considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

On June 10, 2025, Defendant was indicted[1] for a violation of 18 U.S.C. § 875(c). ECF No. [3]. The indictment alleged that, on December 18, 2022, Defendant "did knowingly transmit in interstate commerce any communication containing a threat to injure the person of another" when "in an email sent through the Internet, the defendant stated, 'I will shoot onsite: [E.P., A.P.P., A.S., and D.G.],' with the intent to communicate a threat and with the knowledge that it

---

[1] Defendant filed the Motion on May 22, 2025 in response to the then-operative indictment, ECF No. [3]. On June 10, 2025, the Government filed a superseding indictment. ECF No. [84]. On June 10, 2025, after Defendant was arraigned on the superseding indictment, the parties agreed that the Motion would apply to the superseding indictment as well. ECF No. [86]. Accordingly, the Court analyzes the Motion, Response, and Reply in regard to the superseding indictment.

would be viewed as a threat[.]" ECF No. [84] at 1. The indictment alleges that the individuals named are law enforcement officers from the City of Coral Gables Police Department. *Id.*

Defendant moved to dismiss the indictment on three grounds:

> (1) the e-mail chain does not constitute a 'true threat,' and the indictment therefore fails to state an offense; (2) the government has failed to allege facts sufficient to show [Defendant's] subjective intent to communicate a 'true threat' and therefore seeks to punish just speech; and (3) Section 875(c) is unconstitutional as facially overbroad and vague.

ECF No. [77] at 2.

The Government responded that (1) whether the email constitutes a "true threat" is a factual question, to be decided at trial; (2) the indictment does not need to allege facts to support Defendant's intent or knowledge;[2] and (3) Section 875(c) is constitutional. ECF No. [82] at 3, 4, 6.

**II.   LEGAL STANDARD**

A defendant may challenge an indictment on various grounds, including failure to state an offense, lack of jurisdiction, or for constitutional reasons. *See United States v. Kaley*, 677 F.3d 1316, 1325 (11th Cir. 2012); Fed. R. Crim. P. 12(b). On a motion to dismiss the indictment, "[t]he indictment's allegations are assumed to be true and are viewed in the light most favorable to the government." *United States v. Rodriguez*, 635 F. Supp. 3d 1351, 1354-55 (S.D. Fla. 2022). Additionally, "[i]n ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citation

---

[2] At the time the Government filed its Response, it had not yet filed the superseding indictment. However, the Government noted that, with regard to Defendant's argument that it failed to allege facts sufficient to show Defendant's subjective intent to communicate a true threat, the Government was "seeking a superseding indictment to include language that the Defendant intended and knew that his threats would be received as true threats." ECF No. [82] at 5 n.1. This change is reflected in the now-operative indictment. ECF No. [84].

2

omitted). "[A] court ruling on a motion to dismiss may not look beyond the four corners of the indictment, nor may it properly dismiss an indictment for insufficient evidence." *United States v. Baxter*, 579 F. App'x 703, 706 (11th Cir. 2014).

"Under Fed. R. Crim. P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citations omitted).

> An indictment is sufficient "if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense."

*United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (quoting *United States v. Dabbs,* 134 F.3d 1071, 1079 (11th Cir. 1998)); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974). Even when an indictment "tracks the language of the statute, 'it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *United States v. Bobo,* 344 F.3d 1076, 1083 (11th Cir. 2003)

### III. DISCUSSION

As an initial matter, it is well-established that "[t]he sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). The Court may not consider any allegations or exhibits outside the indictment which the Defendant references in his Motion. *United States v. Baxter*, 579 F. App'x 703, 706 ("[A] court ruling on a motion to dismiss may not look beyond the four corners of the indictment[.]"). The indictment tracks the language of Section 875(c), recites the email which the Government argues violates Section 875(c), and

3

states when and where the email was sent, thereby providing "a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Sharpe*, 438 F.3d at 1263; *see also United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020) ("The standard for whether an indictment sufficiently alleges a crime is not demanding. An indictment tracking the statutory language and stating approximately the time and place of an alleged crime is sufficient."). Whether the alleged conduct qualifies as a "true threat" is a factual question, which is not properly decided by the Court on a motion to dismiss the indictment. *United States v. Hussaini*, No. 19-cr-60387, 2022 WL 138474, at *5 ("[M]ost courts agree that 'in the usual case, whether a communication constitutes a threat or a true threat is a matter to be decided by the trier of fact.'" (quoting *United States v. Stock*, 728 F.3d 287, 294 (3d Cir. 2013)) (collecting cases) (S.D. Fla. Jan. 14, 2022). Therefore, the indictment states an offense for which Defendant may be charged.

Defendant argues that the indictment "fails to allege facts sufficient to show [Defendant's] subjective intent to communicate a 'true threat' and therefore seeks to punish just speech." ECF No. [77] at 2. However, the now-operative indictment alleges that Defendant "did knowingly transmit" a threat, "with the intent to communicate a threat and with the knowledge that it would be viewed as a threat," thereby satisfying the *mens rea* standard set by the United States Supreme Court in *Elonis v. United States*. 575 U.S. 723, 740 ("There is no dispute that the mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat."). Therefore, the superseding indictment sufficiently alleges the requisite *mens rea*.

Lastly, Defendant argues that Section 875(c) is facially overbroad and vague and, therefore, unconstitutional. ECF No. [77] at 25. "[A] statute is facially invalid if it prohibits a

4

substantial amount of protected speech." *United States v. Williams*, 553 U.S. 285, 292 (2008). "The burden of establishing overbreadth rests on the party challenging the statute." *United States v. Fleury*, 20 F.4th 1353, 1362 (11th Cir. 2021). As the Court reaffirmed in *Elonis*, "[t]he fact that the statute does not specify any required mental state, however, does not mean that none exists. We have repeatedly held that 'mere omission from a criminal enactment of any mention of criminal intent' should not be read 'as dispensing with it.'" *Elonis*, 575 U.S. at 734 (quoting *Morissette v. United States*, 342 U.S. 246, 250 (1952)). Instead, "[w]hen interpreting federal criminal statutes that are silent on the required mental state, we read into the statute 'only that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct.'" *Id.* at 736 (quoting *Carter v. United States*, 530 U.S. 255, 269 (2000)). The Court applied the "presumption in favor of a scienter requirement" to "*each* of the statutory elements" in Section 875(c), thereby leading to the conclusion that "[t]he mental state requirement must therefore apply to the fact that the communication contains a threat." *Id.* at 737.

Although, in *Elonis*, "the Supreme Court declined to answer the question of the exact mental state required by a defendant, it held negligence is not enough to support a conviction under § 875(c)." *United States v. Martinez*, 800 F.3d 1293, 1294 (11th Cir. 2015). Given that the Court determined that a *mens rea* of negligence would be insufficient to support a conviction, it is unclear how Section 875(c) "sweeps over large swaths of protected speech," as Defendant argues. ECF No. [77] at 27. The Supreme Court explicitly applied the "rule of construction reflect[ing] the basic principle that 'wrongdoing must be conscious to be criminal'" to Section 875(c). *Elonis*, 575 U.S. at 734. Defendant suggests that 875(c) is overbroad because "whether the defendant intended to communicate a message of intent to *actually* injure another . . . is irrelevant," therefore "nothing separates blustering from threatening, venting from violence, political rhetoric from political violence." ECF No. [77] at 26. The fact that Section 875(c)

5

would criminalize a threat even though the defendant did not intend to carry out the threat does not support Defendant's overbreadth argument, however, because it is well established that the First Amendment permits laws that ban "true threats," which "encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals" even if the speaker does "not actually intend to carry out the threat." *Virginia v. Black*, 538 U.S. 343, 359-60 (2003). The Court stated that prohibitions on true threats "'protect[] individuals from the fear of violence' and 'from the disruption that fear engenders,' in addition to protecting people 'from the possibility that the threatened violence will occur.'" *Id.* (quoting *R.A.V. v. City of St. Paul*, 505 U.S. 377, 388 (1992)).

Defendant also argues that Section 875(c) is void for vagueness. ECF No. [77] at 28. The vagueness doctrine "is an outgrowth . . . of the Due Process Clause of the Fifth Amendment." *Williams*, 553 U.S. at 304. A statute violates the Due Process Clause if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Id.* In the First Amendment context, the Court has "permit[ed] plaintiffs to argue that a statute is overbroad because it is unclear whether it regulates a substantial amount of protected speech." *Id.* However, "perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." *Id.* (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989)). Although Defendant lists a series of hypotheticals which "could conceivably be prosecuted under [Section] 875(c)'s broad and unqualified language—despite being constitutional protected—depending only on the government's ad hoc interpretation," Defendant has not cited to any cases in the ten years following *Elonis*'s clarification of the *mens rea* requirement in which such a prosecution was pursued. ECF No. [77] at 28. The Court warned that "[w]hat renders a statute vague is not

the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *Williams*, 553 U.S. at 306. The Court stated that such indeterminacy was found when statutes "tied criminal culpability to whether the defendant's conduct was "annoying" or "indecent"— wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings." *Id.* As Defendant admits "the meaning of the word 'threat' within the statute and the subjective intent a defendant must ha[v]e to violate the statute has been cobbled together by numerous United States Supreme Court cases." ECF No. [77] at 13 (citing *Watts v. United States*, 394 U.S. 705 (1969); *Virginia v. Black*, 538 U.S. 343 (2003); *Elonis v. United States*, 575 U.S. 723 (2015); and *Counterman v. Colorado*, 600 U.S. 66 (2023)). These "numerous" cases provide clear guidance as to the constitutionally-permissible scope of Section 875(c), thereby undermining Defendant's vagueness argument. *Smith v. Goguen*, 415 U.S. 566, 573 (1974) ("Where a statute's literal scope, *unaided by a narrowing state court interpretation*, is capable of reaching expression sheltered by the First Amendment, the doctrine [of vagueness] demands a greater degree of specificity than in other contexts.") (emphasis added).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Consolidated Motion to Dismiss, **ECF No. [77],** is **DENIED**.

Case No. 24-cr-20098-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida on June 24, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record