UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20098-BLOOM/Elfenbein

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL ANTHONY ABBOTT,

    Defendant.
_____/

## ORDER ON PARTIES' MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon the parties' Motions *in Limine*, ECF Nos. [97], [98], filed on June 23, 2025. The Government and Defendant filed expedited Responses. ECF Nos. [115], [117]. The Court has reviewed the Motions, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the Motions *in Limine* are granted in part and denied in part.

### I. BACKGROUND

On June 10, 2025, Defendant was indicted for a violation of 18 U.S.C. § 875(c). ECF No. [84]. The indictment alleged that, on December 18, 2022, Defendant "did knowingly transmit in interstate commerce any communication containing a threat to injure the person of another" when "in an email sent through the Internet, the defendant stated, 'I will shoot onsite: [E.P., A.P.P., A.S., and D.G.],' with the intent to communicate a threat and with the knowledge that it would be viewed as a threat[.]" ECF No. [84] at 1. The indictment alleges that the individuals named are law enforcement officers from the City of Coral Gables Police Department. *Id.*

Case No. 24-cr-20098-BLOOM/Elfenbein

## II. LEGAL STANDARD

A party can file a motion *in limine* to exclude anticipated prejudicial evidence from future proceedings. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States. v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). The movant has the burden of proving that the evidence is inadmissible. *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769, 6:07-cv-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *see In re Seroquel*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

"In general, a district court may deny a motion *in limine* when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" *Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021) (quoting *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001)). "Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial." *Powers v. Target Corp.*, No. 19-cv-60922, 2020 WL 1986968, at

Case No. 24-cr-20098-BLOOM/Elfenbein

*7 (S.D. Fla. Apr. 27, 2020) (quoting *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)).

### III.  DISCUSSION

**A.  Government's Motions *In Limine***

The Court's rulings are the following:

| | | |
|---|---|---|
| i. | | **Exclusion of Argument Aimed at Confusing the Jury as to the Meaning of a True Threat** |
| | | Granted to the extent that any argument by counsel misstates the law. |
| ii. | | **Exclusion of Evidence and Argument as to the United States's Charging Decisions** |
| | | Granted. |
| iii. | | **Exclusion of Evidence and Argument about the FBI and its Investigatory Process Aimed at Trying to Imply Incorrect Conclusions as to what the FBI Believed** |
| | | Granted. |
| iv. | | **Inclusion of Factual Evidence as to the March 2020 Incident, but Exclusion of Legal Developments** |
| | | Denied. |
| v. | | **Exclusion of Evidence of Voluntary Intoxication** |
| | | Reserved until trial. |
| vi. | | **Exclusion of Argument or Evidence Aimed at Jury Nullification** |
| | | Granted. |
| vii. | | **Exclusion of Cross Examination on a False Allegation of Domestic Violence by One of the Witnesses** |
| | | Granted. |

Case No. 24-cr-20098-BLOOM/Elfenbein

### B. Defendant's Motions *In Limine*

The Court's rulings are the following:

**i.** **Exclusion of Evidence of Firearm Ownership as Proof of Intent**

Denied.

**ii.** **Preclusion of Argument that *Mens Rea* is Objective and to Require a Limiting Instruction**

Denied.

**iii.** **Exclusion of Generalized Hearsay or Reputation Testimony**

Granted.

**iv.** **Exclusion of the Government's Charging Decision**

Denied.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions *in Limine*, **ECF Nos. [97], [98]** are **GRANTED IN PART** and **DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 27, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record